UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA FILED

MAY -5 PM 4: 19

OFFICE OF THE CLERK
2500 Tulare Street
Fresno, CA 93721

U.S. DISTRICT COURT
CALIFORNIA

E-filing

United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102–3489



**CV  08  2342
MHP**

RE:        **DAVID L. BARR vs. JAMES YATES**
USDC No.:   **1:08–CV–00533–OWW–GSA**

Dear Clerk,

**(PR)**

Pursuant to the order transferring the above captioned case to your court, dated
April 28, 2008 , transmitted herewith are the following documents.

**Electronic Documents: 1 to 4.**

Documents maintained electronically by the district court are accessible through
PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please acknowledge receipt on the extra copy of this letter and return to the Clerk's Office.

Very truly yours,

**April 30, 2008**        /s/  **A. Gil–Garcia**

Deputy Clerk

RECEIVED BY:

Please Print Name

DATE RECEIVED:

NEW CASE
NUMBER:

I hereby attest and certify on 4/30/08
that the foregoing document is a full, true
and correct copy of the original on file in my
office and in my legal custody.
VICTORIA C. MINOR
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID L. BARR,                                    1:08cv00533 OWW-GSA (HC)

  Petitioner,

  vs.                                              ORDER OF TRANSFER

JAMES YATES,

  Respondent.

_____/

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a conviction from Santa Clara County, which is in the Northern District of California. Therefore, the petition should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v.

CLOSED, HABEAS, IFP_PENDING

## U.S. District Court
## Eastern District of California - Live System (Fresno)
## CIVIL DOCKET FOR CASE #: 1:08-cv-00533-OWW-GSA
## Internal Use Only

(HC) Barr v. Yates
Assigned to: Judge Oliver W. Wanger
Referred to: Magistrate Judge Gary S. Austin
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 04/18/2008
Date Terminated: 04/30/2008
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**David L. Barr**

*I hereby attest and certify on 4/30/08 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.*
*VICTORIA C. MINOR*
*CLERK, U.S. DISTRICT COURT*
*EASTERN DISTRICT OF CALIFORNIA*
By _____ Deputy

represented by **David L. Barr**
H-69204
PLEASANT VALLEY STATE PRISON
(8501)
P.O. BOX 8501
COALINGA, CA 93210-8501
PRO SE

V.

**Respondent**

**James Yates**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/18/2008 | 📄1 | PETITION for WRIT of HABEAS CORPUS by David L. Barr.(Flores, E) (Entered: 04/22/2008) |
| 04/18/2008 | 📄2 | MOTION to PROCEED IN FORMA PAUPERIS by David L. Barr. (Flores, E) (Entered: 04/22/2008) |
| 04/18/2008 | 📄3 | MEMORANDUM of Points and Authorities in Support of 1 Petition by David L. Barr filed by David L. Barr. (Flores, E) (Entered: 04/22/2008) |
| 04/22/2008 | 📄 | (Court only) ***STAFF NOTE: Case Screened, order transferring case to the Northern District submitted to GSA/cd. (Flores, E) (Entered: 04/22/2008) |
| 04/30/2008 | 📄4 | ORDER of TRANSFER, CASE TRANSFERRED to District of Northern. Original file, certified copy of transfer order, and docket sheet sent. CASE CLOSED signed by Magistrate Judge Gary S. Austin on 4/28/08. (Gil-Garcia, A) (Entered: 04/30/2008) |
| 04/30/2008 | 📄5 | TRANSMITTAL of DOCUMENTS re 4 Order, Case Transferred Out to Another District on *4/28/2008* to * United States District Court* *Northern District of California* *450 Golden Gate Avenue* *San Francisco, CA 94102-3489*. *Electronic Documents: 1 to 4. *. (Gil-Garcia, A) (Entered: 04/30/2008) |
| 04/30/2008 | 📄 | SERVICE BY MAIL: 5 Transmittal, 4 Order, Case Transferred Out to Another District served on David L. Barr (Gil-Garcia, A) (Entered: 04/30/2008) |

016H16505538

$ 00.580
05/01/2008
Mailed From 93721
US POSTAGE

Hasler

NORTHERN DISTRICT OF CALIFORNIA
CLERK, U.S. DISTRICT COURT
Richard W. Wieking

MAY 5 2008

RECEIVED

UNITED STATES COURTS
OFFICE OF THE CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO, CALIFORNIA 93721-1

OFFICIAL BUSINESS

9410283469  C0004

AO 241    (Rev. 5/85)

E-filing

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

FILED

APR 18 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ C. ESTEVES

| United States District Court | District Eastern 1/6 |
|---|---|
| Name David L. Barr | Prisoner No. H-69204    Case No. |

Place of Confinement    Pleasant Valley State Prison
P. O. Box 8501
Coalinga, California 93210 1: 0 8 CV    0 0 5 3 3 OWW GSA HC

Name of Petitioner (include name under which convicted)    Name of Respondent (authorized person having custody of petitioner)

David L. Barr    v.    James Yates Et al,

CV 08 2342 MHP

The Attorney General of the State of:    California

(PR)

### PETITION

1. Name and location of court which entered the judgment of conviction under attack    Santa Clara County Superior Court 191 North first street San Jose, CA 95113-1090

2. Date of judgment of conviction    May 30th 1996

3. Length of sentence    25 years to life

4. Nature of offense involved (all counts)    Re~ Possession of a Slung shot with Two Prior Prison Terms

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒    No ☐

AO 241  (Rev. 5/85)

9. · If you did appeal, answer the following:

(a) Name of court _____

(b) Result _____

(c) Date of result and citation, if known _____

(d) Grounds raised _____

_____

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court __California State Supreme Court__

(2) Result __Denied S-062647       Petition For Review__

_____

(3) Date of result and citation, if known _____

(4) Grounds raised __Romero, Superior Court entitled to Strike Priors. Eighth Amendment Violation.__

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court _____

__Not Associated__

(2) Result _____

_____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒  No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court __Court of Appeal 6th Appellate District__

(2) Nature of proceeding __Direct Appeal    H-015555__

(3) Grounds raised __Entitled to Strike of Prior under Romero Sentence Violates Eighth Amendment__

AO 241   (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐   No ☒

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court **California State Supreme Court**

(2) Name of proceeding **State writ of Habeas Corpus S#154597**

(3) Grounds raised ~~Dead Pattern~~ **Same as this Petition.**

(4) Did you receive an evidentiary hearing on your petition, application or motion? **writ# S-154597**
    Yes ☐   No ☒

(5) Result **Denied state writ of Habeas Corpus**

(6) Date of result **January 23rd, 2008   In Re Robbins(1998) 18 Cal. 4th 770, 780**

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.    Yes ☒   No ☐

(2) Second petition, etc.   Yes ☒   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12.  State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241   (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)  Conviction obtained by a violation of the privilege against self-incrimination.

(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)  Conviction obtained by a violation of the protection against double jeopardy.

(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i)  Denial of effective assistance of counsel.

(j)  Denial of right of appeal.

A.  Ground one: Ineffective Assistance of Appellate Counsel For Failure to Raise Miranda Rights violations Raised in the Trial Cour the issue wasnot Raised on Direct Appeal.

Supporting FACTS (state *briefly* without citing cases or law):

See Attached Pages (3 thru 12)

B.  Ground two: The Recent Decision of the united states court of Appeals for the Ninth circuit in ANdrade Requires this court Hold Petitioners 25 year to life sentence for a wobbler offense violates the 8th Amendment Prohibition of cruel And

Supporting FACTS (state *briefly* without citing cases or law):   uNsual Punishment

See Attached Pages (3 thru 12)

AO 241    (Rev. 5/85)

C.  Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

D.  Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state
*briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes . ☐    No  ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
herein:
(a)  At preliminary hearing _____

_____

(b)  At arraignment and plea _____

_____

AO 241   (Rev. 5/85)

(c) At trial  Victoria Burke Public Defender 70 west Hedding
street San Jose, CA 95110

(d) At sentencing  Victoria Burk Same As Above

(e) On appeal  David Morse 600 Harrison Street, Suite 535
San Francisco, CA 94107

(f) In any post-conviction proceeding  Not Associated

(g) On appeal from any adverse ruling in a post-conviction proceeding
Not Associated

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:  May 30th, 1996  25 years to life

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct. Executed on
April 8th    2008
Date

David L. Barr
Signature of Petitioner  In Pro Se

(7)

# EXHIBIT COVER PAGE

Description of Exhibits:
California State Supreme Court Writ of Habeas
Corpus Filed ON July 20th, 2007 Denied on January 23, 2008
Petition For Review Denial Aug 13th, 1997 S-062647
Order And Denial of Writ of Habeas Corpus
Superior Court April 2, 2002,
Abstract of Judgment Superior Court Santa Clara
Daily Appellate Report Friday January 17th, 1997
People v. Alvarez

Number of Pages to these Exhibits __22__ Pages

Jurisdiction
    U.S. District Court  Eastern District of California

David L. Barr on 28 U.S.C. §2254 Habeas Corpus
    Petition by A Person in State Custody

Name  David L. Barr

Address  Pleasant Valley State Prison

P.O. Box 8501

Coalinga, California 93210

CDC or ID Number  H-69204

In Pro Se

**SUPREME COURT** MC-275

**FILED**

JUL 3 0 2007

Frederick K. Ohlrich Clerk

_____

Deputy

# Supreme Court of The State of California

*(Court)*

In Re: David L. Barr

Petitioner

vs.

James Yates Etal,

Respondent

**PETITION FOR WRIT OF HABEAS CORPUS TO** Exhaust State Remedies

No.  **S154597**

*(To be supplied by the Clerk of the Court)*

Related case Number

H015555, 184846, S-062647

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

1

This petition concerns:

_____ A conviction          _____ Parole

____X____ A sentence                _____ Credits

_____ Jail or prison conditions    _____ Prison discipline

_____ Other (specify): _____

1. Your name  David L. Barr

2. Where are you incarcerated?  Pleasant Valley State Prison.

3. Why are you in custody?  [X] Criminal Conviction  [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

   a. If criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon") or state reason for civil commitment:  Possession of slung shot; two prior prison terms.

   b. Penal or other code sections: 1996 Penal Code §§ 12020(a); 667 (b)-(1).

   c. Name and location of sentencing or committing court:  Superior Court, 190 West Hedding Street, San Jose, CA  95110

   d. Case number:  184846

   e. Date convicted or committed:  May 30, 1996

   f. Date sentenced:  May 30, 1996

   g. Length of sentence:  25 - years to life.

   h. When do you expect to be released?  around 2017.

   i. Were you represented by counsel in the trial court?  [X] Yes.  [ ] No.  If yes, state the attorney's name and address:  Victoria Burke, Public Defender, 70 West Hedding Street, San Jose, CA  95110

4. What was the LAST plea you entered? (check one)
   [XX] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other _____

5. If you pleaded not guilty, what kind of trial did you have?
   [ ] Jury  [XX] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

**2**

MC-275                                                                    Page 2

## I

**THE RECENT DECISION OF THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT IN <u>ANDRADE</u> REQUIRES THIS COURT HOLD PETITIONER'S 25 - YEAR TO LIFE SENTENCE FOR A "WOBBLER" OFFENSE VIOLATES THE EIGHTH AMENDMENT PROHIBITION OF CRUEL AND UNUSUAL PUNISHMENT**

### Statement of Facts

On May 2, 1996, the judge at a court trial proceeding found petitioner guilty of possession of a slung shot in violation of Penal Code § 12020(a), a "wobbler" offense "punishable by imprisonment in a county jail not exceeding one year or in state prison." (1996 Penal Code § 12020(a).)

The court also found true two prison priors, case number 106104 in San Francisco County, and case No. 17727 in Alameda County. (Exhibit 2)

The court sentenced petitioner to 25 - years to life in prison under Three Strikes, Penal Code §§ 667 (b)-(i). Exhibit 1.

As to the prison priors found true by the court, exhibit 2 is the only document in petitioner's possession giving any information, just their case numbers, regarding what they were. Petitioner is not challeging their validity. Petitioner simply has no documents describing what the actual priors were that petitioner was convicted of.

3

## ARGUMENT

### 1. Timeliness of claim.

Before considering the merits of a delayed or successive petition, the reviewing California court must first ask whether the failure to present the claim earlier is justified. (In re Clark (1993) 21 Cal.Rptr. 509, 525.) If the new claim is based on a change in law, delay is justified if asserted promptly. (Clark at 525; In re Terry (1971) 4 Cal.3d 911 n. 1; In re Swain (1949) 34 Cal.2d 300.)

### 2. Petitioner must be resentenced under Andrade.

As shown in the statement of facts supported by Exhibit 1, petitioner's Abstract of Judgment, petitioner was sentenced to 25 - years to life for possession of a slung shot in violation of Penal Code § 12020(a), a "wobbler" offense "punishable by imprisonment in a county jail not exceeding one year or in state prison."

Penal Code § 17(a) provides that any crime not punishable by death or imprisonment in state prison is a misdemeanor. Penal Code § 17(b) provides that when a crime is punishable by either imprisonment in state prison or county jail, "it is a misdemeanor for all purposes" (1) After a judgment imposing a punishment other than state prison."

The Three Strikes law does not eliminate the trial court's discretion to reduce a "wobbler" offense to a

4

misdemeanor at the time of sentencing by sentencing the offender to county jail rather than prison. People v. Superior Court (Alverez) 928 P.2d 1171 (Cal. 1997).

The United States Court of Appeals for the Ninth Circuit held the Eighth Amendment does not permit the application of a law, Three Strikes, which results in a life sentence, where the core offense is a "wobbler" that could have been punished as a misdemeanor. (LEANDRO ANDRADE v. ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; ERNEST B. ROE, Warden No. 99-555691. Filed for publication November 2, 2001.

3. Petitioner must also be sentenced under **Brown v. Mayle.** No. 99-17261 consolidated with No. 99-56197.

> In finding Bray guilty for the theft of the videotapes, the jury also found that he had been convicted of four privious felony offenses. In February 1980, Bray was convicted on three seperate counts of robbery, § 211. ¶The jury also found that in November 1987, Bray was again convicted of robbery. (Id pp. 1988-89.)

> . . . Brown has a total of five serious or violent prior felony convictions. A 1971 conviction for two counts of second degree burglary, § 459; a 1976 conviction for two counts of assault with a deadly weapon, § 245; and a 1984 robbery conviction. (Id, p. 1991).

> The State argues that Bray's and Brown's sentences are only half as long as Andrade's, so that Andrade's gross disproportionality analysis has no application here. Andrade, however, was sentenced to 50 years for two petty theft convictions; . . . . Moreover, Bray's and Brown's sentences are not half as long as Andrade's. Although their minimum term is half as long as Andrade's minumum term, Bray and Brown

5

were sentenced to indeterminate life sentences and could serve as long for their single petty theft convictions as Andrade will for two. (Id pp. 1999-2000 [Court's emphasis.].)

We conclude that sentences of 25 years to life for Bray's and Brown's petty theft offenses violate the Eighth Amendment's prohibition against cruel and unusual punishment. (Id p. 2021.)

### Prayer for Relief

Petitioner is without remedy save by writ of habeas corpus.

WHEREFORE, petitioner prays this Court:

a) Hold petitioner's sentence violates the Eighth, 14th Amendment prohibition of cruel and unusual punishment;

b) Resentence petitioner;

c) Issue a writ of habeas corpus ordering respondent to immediately release petitioner from his unlawful confinement;

d).. Grant such other and further relief this Court deems proper. Mr. Barr is a CCCMS psychiatric patient since

(1981), currently active requirement of People V. Garcia,

(1999) circumstances constituting cruel and unusual punish-

ment, holding discretion observed for exhaustion of this

state court remedies, treating Supreme Court precedent

legally binding, REVERSE and Remand for resentencing as

a misdemeanor, time served.

e) Any other Appropriate Remedy of Law the Court deems fit And Just.

f.) or the Record from the Superior Court, Court of Appeal for consideration in this/these Proceedings.

6

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No.    If your answer is yes, give the following information about your appeal:

Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court")
　　Court of Appeal, Sixth Appellate District

Result: denied _____ Date of decision May 29, 1997

Case number or citation of opinion, if known H015555

Issues raised: a. ENTITLED TO STRIKE OF PRIOR UNDER ROMERO.

b. SENTENCE VIOLATES EIGHTH AMENDMENT.

c. _____

d. _____

Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known.
　　David Morse, 600 Harrison Street, Suite 535, San Francisco, CA 94107.

9. Did you seek review in the California Supreme Court? ☒ Yes. ☐ No. Result _____

Date of decision 8/13/97 ____ Case number or citation of opinion, if known S062647

Issues raised: a. Romero, Superior Court entitled to strike priors.

b. Eight Amend. Violation.

c. _____

d. _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal: _____
　　November 2, 2001 court decision. (See pp. 3, 5, of petition.

11. Administrative Review:
a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In Re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)
Explain what administrative review you sought or explain why you did not seek such review:
　　Not Applicable.

b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No. N/A
*Attach documents that show you have exhausted your administrative remedies.*

7

MC-275

Supplemental Amended Ground # 1

1. Ineffective Assistance of Appellate Counsel For
2. Failure To Raise Miranda Rights Violations Raised
3. In The Trial Court the issue wasnot Raised on Direct Appeal
4. Supporting Facts;
5. Though Petitioner initially gave other Names and
6. denied Knowledge that either bicycle was stolen,
7. maintaining that he had Purchased the first bicycle
8. in Berkeley And that he had Purchased the
9. Second bike from a drug addict at the Burger King in
10. Palo Alto earlier that day, he finally admitted that he
11. was David Loren Barr And had two prior Serious
12. felonies that would Potentially make him Subject
13. to the punishment under the " Three Strikes"
14. Provisions. After the Overlong detention and
15. questioning by the Police regarding his Activities
16. the Petitioner is informed and believes that he
17. Refused to Acknowledge the Stolen Nature of the
18. Bicycles until Deputy Moore told Petitioner that
19. if he Confessed to Stealing the Bicycles, the
20. charges placed against him would be misdemeanor
21. not felonies and that he could therefore avoid
22. the Potential life imprisonment under the
23. Three Strikes" Provisions, As A result of this
24. Promise and to Avoid the "Three Strikes" sentencing
25. Scheme, Petitioner Admitted taking both Bicycles
26. Evidence Code Section 402 states:
27. (a) when the existence of a preliminary fact is
28. disputed, its existence or Non-existence shall be

8

1. determined as provided in this Article
2. (b) the Court may hear and determine the
3. question of the admissibility out of the presence
4. of the Jury; but in a criminal action,
5. the Court Shall hear and determine the
6. question of the admissibility of a Confession
7. or admission of the defendant out of the
8. presence of the Jury If Any Party So Requests
9. The Petitioner is challenging the admissibility
10. of any Such statements on the grounds that
11. the statements were involuntary because they
12. were the product of Pre-Miranda Warning
13. questioning, an over long detention and Police
14. Promise of leniency, which violates Due
15. Process. A confession is only admissible as
16. evidence in a Criminal trial If it was given
17. Voluntarily and without Coercion (Brown v.
18. Allen (1953) 344 U.S. 443 [97 L. Ed. 2d 469]
19. People v. Benson (1990) 52 Cal. 3d 754, 778)
20. "Admitting an Involuntary Confession as Evidence
21. against a defendant violates a defendants
22. due process rights under both the California
23. And United states Constitutions" In re
24. Shawn D (1993) 20 cal. App 4th 200, 208,
25. citing Jackson v. Denno (1964) 378 U.S. 368, 12
26. L. Ed. 2d 908] and People v. Berve (1958) 51
27. cal. 2d 286, 290 (Berve overruled on other grounds
28. People v. Cahill (1993) 5 cal. 4th 478.)

(3) 9

1. The Due Process Clause of the Fourteenth
2. Amendment of The United States Constitution
3. Provides that No State Shall deprive any person
4. of life liberty, or property, without due process
5. of Law" The United States Supreme Court
6. has held that by virtue of the Due Process
7. Clause "certain interrogation techniques, either
8. in isolation or as applied to the unique
9. Characteristics of a particular Suspect, are So
10. offensive to a Civilized System of Justice that
11. they must be condemned (Colorado. v. Connelly
12. (1986) 479 U.S. 157, 163 [93 L. Ed 2d
13. 473, 481, quoting Miller v. Fenton (1985)
14. 474 U.S. 104, 109 [88 L. Ed. 2d 405] One
15. Such Police interrogation technique which the
16. California Supreme Court has repeatedly
17. Condemned is promising leniency in exchange
18. for a Confession." It is well-settled that a
19. Confession is involuntary and therefore inadmisibl
20. if it was elicited by any promise of benefit of
21. leniency whether express or implied People v.
22. Jimenez (1978) 21 Cal. 3d 595, 611 (overruled
23. on other grounds People v. Cahill Supra, 5 Cal.
24. 4th 478) This is True even after the Suspect has walve
25. his Miranda Rights (In re Shawn D. Supra, 20
26. Cal. App 4th at 211-212) The Prosecution has the
27. burden of Proving by a preponderance of the
28. evidence that a defendants statements were made voluntarily

(₱) 10

1. before Such Statements May be admitted People
2. V. Cahill (1994) 22 Cal. App 4th 296, 310.)
3. In People V. Cahill. Supra 22 cal App 4th at
4. 315, the Appellate court found a defendants
5. statement involuntary because the detectives'
6. Account of the Law of Murder was materially
7. misleading in omitting any references to the felony
8. Murder doctrine. The deceptive omission made
9. more plausible the implicit promise that a first
10. degree Murder charge might be Avoided if there
11. was a Confession showing No premeditation.
12. Similarly in In re Shawn D. Supra, 20 cal. App 4th
13. at 216, the Court of Appeal, reviewing the totality
14. of the Circumstances, held that the Appellants
15. Confession was involuntary and inadmissible
16. During the interrogation of Appellant, the officer
17. Persistently promised leniency throughout the
18. interview by telling the 16 year old that if he
19. confessed, the officer "Personally talk to the D. A."
20. about having him prosecuted as a Juvenile. Given
21. the age of the Appellant Lack of criminal History
22. and other heavy-handed techniques
23. Used by the interrogating officer the Court
24. held the confession inadmissible.
25. once this promise of leniency was made Mr. Barr
26. Seized the opportunity to Confess in order to Avoid
27. having to spend 25 years to life in prison for
28. a Pair of misdemeanors.

11

1. Thus Mr. Barrs confession was the Result of the
2. deputys promise of leniency rather than an exercise
3. of free will. Mr. Barrs statements were
4. involuntary and therefore inadmissible
5. Defense had Requested Bifurcation of Any Prior
6. Convictions Alleged in the Information be
7. bifurcated And tried after the primary charges
8. alleged People v. Bouzas (1991) 53 cal. 3d 467,
9. 470.-486 People v. An cira (1985) 164 cal. App
10. 3d 378 ; People v. Bracamonte (1981) 119
11. Cal. App 3d 664, 654 ) The defense Requester
12. That Each objection Posed During the In
13. LIMINE Constitute a Continuing objection
14. To Admission People v. Jennings (1988) 46
15. Cal. 3d 963; People v. Karis (1998) 46 cal
16. 3d 612.)
17.
18.
19.     These Grounds Are A Challenge To
20. The Criminal. Convictions.
21.
22.
23.
24.
25.
26.
27.
28.

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: Santa Clara Superior Court

(2) Nature of proceeding (for example, "habeas corpus petition"): Habeas Corpus Petition

(3) Issues raised: (a) Power of Superior court to Rule on Romero, Strikes Priors

(b) Cruel and unusual Punishment violation U.S.C.A. 8th, 14 Amer ments

(4) Result (Attach order or explain why unavailable): Denied

(5) Date of decision: 4/29/2002

b. (1) Name of court:

(2) Nature of proceeding:

(3) Issues raised: (a)

(b)

(4) Result (Attach order or explain why unavailable):

(5) Date of decision:

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
Listed Above

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) Newly found Case Law. There is no time limitation that governs when an Action may be brought to vacate a sentence unAuthorized by Law. In Re Haddinott (1996) 12 C 4th 992, 50 CR 2d 706.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
The Supreme Court of California has original Jurisdiction and the Last state Court to Correct said matters Prior to Seeking 28 U.S.C. § 2254 Federal Habeas Corpus Petition by state Prisoner

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: July 17th    2007    ▶ David L. Barr
                                    (SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]    PETITION FOR WRIT OF HABEAS CORPUS

13

Sixth Appellate District No. H015555
S062647

IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE, Respondent

v.

DAVID LOREN BARR, Appellant

**SUPREME COURT**
**FILED**

AUG 1 8 1997

**Robert Wandruff Clerk**

**DEPUTY**

Appellant's petition for review DENIED.

GEORGE

Chief Justice

14

· ENDORSED

# FILED

APR  2 2002

KIRI TORRE
Chief Executive Officer
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

K. FOSTER

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re                          )
                               )     No.: 184846
    DAVID LOREN BARR,          )     ORDER EXTENDING TIME
                               )
On Habeas Corpus               )
                               )

DAVID LOREN BARR has presented this Court with a petition for a writ of habeas corpus in which he states claims regarding the constitutionality of his sentence.

The large amount of extraordinary writs and other matters pending before this Court has precluded adequate consideration of the instant petition within the requisite thirty-day period.  Good cause appearing, the Court on its own motion extends its time to respond to the petition until April 29, 2002. (Cal. Rules of Court 4.551(h).)

DATED: _APRIL  2_, 2002        _____
                               ALFONSO FERNANDEZ
                               JUDGE OF THE SUPERIOR COURT

cc:  Petitioner
     District Attorney
     Research
     File

(15)

In <u>In Re Harris</u>, (1993) 5 Cal.4th 813, the California Supreme Court reaffirmed the rule that "habeas corpus will not serve as a second appeal." (<u>In Re Harris</u>, <u>supra</u>, 5 Cal. 4th at 825, quoting <u>In Re Foss</u> (1974) 10 Cal.3d 910, 930.)  Therefore, habeas corpus relief is not available for claims that were raised and rejected on direct appeal. (<u>In Re Harris</u> at 825, citing <u>In Re Waltreus</u> (1965) 62 Cal.2d 218, 225.)

In this case, petitioner's present claim was brought and rejected on direct appeal.  Accordingly, the petition for a writ of habeas corpus is DENIED.

DATED: 2·11·91

_____
KEVIN J. MURPHY
JUDGE OF THE SUPERIOR COURT


cc:  Petitioner
     Office of the District Attorney of Santa Clara County
     Research
     File

16

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## INDETERMINATE SENTENCE

FORM CR 292

☒ SUPERIOR
☐ MUNICIPAL
☐ JUSTICE } COURT OF CALIFORNIA, COUNTY OF __SANTA CLARA__

BRANCH OR JUDICIAL DISTRICT: __HOJ__

COURT (I.D.) 4 3 1 9 9

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: DAVID LOREN BARR          ☒ PRESENT          184846   - A
AKA: DANNY ROBERTS, TIM O'NEIL, ET AL ☒ NOT PRESENT                - B
COMMITMENT TO STATE PRISON              AMENDED                      - C
ABSTRACT OF JUDGMENT                    ABSTRACT ☐                   - D
                                                                    - E

DATE OF HEARING (MO DAY YR) 05-30-96   DEPT. NO. 46   JUDGE LEONARD B. SPRINKLES   CLERK M. MITCHELL

REPORTER G. MASAKI   COUNSEL FOR PEOPLE T. HANFORD   COUNSEL FOR DEFENDANT Y. BURTONBURKE   PROBATION NO. KAREN BANUELOS

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:
☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | CONCURRENT | CONSECUTIVE | STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | PC | 12020(a) | POSSESSION/SLUNG SHOT | 95 | 05 | 02 | 96 | | XX | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter the total in right-hand column.

| Count | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER: List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b), list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PC667(b)-(i) | * | PC667(b)-(i) | * | PC667.5(b) | S | PC667.5(b) | S | | | |
| | | | | | | | | | | |

4. Defendant was sentenced to State Prison for an indeterminate term:
A ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts _____   C ☐ For 15 years to life, WITH POSSIBILITY OF PAROLE on counts _____
B ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts _____           D ☒ For 25 years to life, WITH POSSIBILITY OF PAROLE on counts __TWO__
E. ☐ For other term prescribed by law on counts _____ (Specify term on separate sheet if necessary.)
PLUS enhancement time shown above.

5. ☐ Indeterminate sentence shown on this abstract to be served   ☐ consecutive to   ☐ concurrent with any prior incompleted sentence(s).

6. Other Orders: (List all consecutive/concurrent sentence relationships, fines, etc. if not shown above.)

PROBATION IS DENIED. DEFENDANT SENTENCED PER PC667(e)(2) & PC1170.12(c)(2). ADVISED OF 5 YEARS PAROLE & APPEAL RIGHTS. 5 DAY RULE IS WAIVED. HEARING ON MOTION FOR REDUCTION TO A MISDEMEANOR PURS PC17 IS DENIED. MR. RUDNITSKY ADDRESSESS THE COURT. COURT MAKES FINDING OF PRIOR, VALID FOR PRISON PRIOR & STRIKES. WEAPON TO BE DESTROYED. BACKPACK ONLY MAY BE RELEASED TO COUNSEL FOR DEFT AFTER PHOTO IS TAKEN OF IT, PER STIPULATION. COUNTS: 1, PC496 & 4, PC148.9 BOTH MISD=90 DA C/C W/PRISON. PAY $200 RESTITUTION FUND FINE. ADD'L $200 RESTIT (Use an additional page if necessary.) FUND FINE PURS PC1202.4(b) & SUSPENDED PER PC1202.45. $138 CRIMINAL JUSTICE

7. ☐ The Court advised the defendant of all appeal rights in accordance with Rules of Court. (AFTER TRIAL ONLY) ADM FEE TO SANTA CLARA COUNTY.

8. ☒ XXXXXXXXXXXXXXXXX NEXT APPEARANCE: 6-13-96 @ 9AM FOR FURTHER HEARING RE: CIS. DEFT APPEARANCE IS WAIVED.
A ☒ AT INITIAL SENTENCING HEARING   B ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C ☐ AFTER REVOCATION OF PROBATION   D ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 05-30-96 | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS 0 INCLUDING: | ACTUAL TIME 0 | LOCAL CONDUCT CREDITS 0 | STATE INSTITUTIONS ☐ DMH  ☐ CDC

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
☒ FORTHWITH   INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:   ☐ CALIF. INSTITUTION FOR WOMEN—FRONTERA   ☐ CCWF—CHOWCHILLA   ☐ CALIF. INSTITUTIONS FOR MEN—CHINO   ☐ DEUEL VOC. INST.
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS   ☐ WASCO   ☒ SAN QUENTIN   ☐ R.J. DONAVAN   ☐ OTHER (SPECIFY) DEFENDANT MAY BE HOUSED AT VACAVILLE OR OTHER FOR TREATMENT.

CLERK OF THE COURT
I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE Carmen R. Kihlstrum   DATE MAY 3 1 1996   243   242

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

Form Approved by the Judicial Council of California Effective January 1, 1993

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE
CR 292

DISTRIBUTION   PINK COPY—COURT FILE   YELLOW COPY—DEPARTMENT OF CORRECTIONS

EXHIBIT 1   (17)

5 SUPERIOR COURT
190 WEST HEDDING ST ET
SAN JOSE, CA 95110

CASE NO.    184846
CEN    95034987

PEOPLE VS.

DATE    05/30/1996   9:00 ADept.    46
09/09/1954  ILB60017254   569158419

DAVID LOREN BARR
TRANSIENT

L.K.A.

CLERK    M. MITCHELL    DBY242 H

PALO ALTO. CA

HEARING    PROBATION AND SENTENCING
AGENCY    ST-STANF-S6968-SCHREINER

JUDGE    HON. LEONARD B. SPRINKLES
REPORTER    G. MASAKI
DEF. ATTY.    V. BURTONBURKE    D.A. T. Hanford
CHARGES    M(001)PC496
M(004)PC148.9

STATUS    I-NBA -    TW    Y
APO Karen Banuelos    SUPO:
F(002)PC12020(A)

NEXT APPEARANCE DATE(S) 6-13-96 @ 9AM for fur hrg Re CTS   A's appearance is waived
Assigned to: ___

☑Defendant Present   ☐Not Present    ☐Attorney Not Present ☑Present
☑WFA  ☐Ar'd    ☐Arr   ☐Plea   ☐ID Cnsl   ☐Prob/Sent    ☐Interp._____
☐977 Waiver  ☐on file  ☐Filed @ this time    ☐Bail/OR Hrg  ☐Rect Dr Rpt  ☐Diversion    ☐Notice Eligibility Filed Cnts ___
☐T/W  ☐TNW  ☐T/W W/D  ☐for Sent    ☐Prelim  ☐TSET  ☐PT Conf  ☐S/B MTC    ☐Diversion ☐Granted ☐Denied ☐Pay fee
☐Pleads NG  ☐NGBRI  ☐Entered by Court    ☐Jury  ☐Court trial  ☐Peo/Def Waive Jury    Bail ☐Exon ☐Forfeited Bond # ___
☐Other ___    ☐Advised NGBRI  ☐Doubt Decl 1368PC    ☐Forfeiture set aside  ☐Bail Reinstated
☐Priors ☐Alleg/Enh ☐Admit ☐Denied    ☐Crim Proc ☐Susp ☐Reinst ☐Term    Bail $_____ costs by _____
☐Slip Complaint serve as Information    ☐Drs ___  ☐Appt ___    ☐OR/SOR ☐Revoked ☐Reinstated
☐Rel/Appt Pub Def ☐Conf Decl ☐Cont App    ☐Subm on rept ☐Found ___    ☐B/W Set Aside ☐Recalled ☐Reassump Filed
☐___ ☐Relieved ☐Entered    ☐Ref'd ___ ☐Max Term ___    ☐B/W Ordered, Bail $ ___  ☐B/W Stayed
☑Waives 5 day    ☐Committed ___    ☐Hrg on Motion Plea[]
☑Proof Of ___    Mr. Kudoretsky address list   ☑Motion ☒Den ☐Granted ☐O/C ☐Subm

☐Pretrim Waived  ☐Held to Answer ___   ct makes finding - prim. violat for Wendan Plaza
**PLEA**  ☐Amended on face ___    o Strike    Thus   106/104 Guan SF    [?]
Conditions ☐None  ☐No State Prison  ☐Include Viol/Prob ___    17127 Guan allenda
☐Jail/Prison Term of ___
☐Dismissal/Striking ___    ☐ @ this time  ☐Subm time of Sent
☐Advised ☐Max Pen ☐Parole/Probation ☐Appeal ☐Immig ☐Registration PC290/HS11590/PC457.1  ☐Future serious felony prior
☐Waives Consit Rights ☐Written Waiver filed ☐PC17 Red ☐Granted ☐Denied ☐Arbuckle Waiver ☐Harvey Stip ___
☐Pleads ☐Guilty ☐Nolo Contendere to following viol & admits enhs (see below)  ☐Factual Basis found ☐Findings stated
☐Subm Subm on Prelim Evid/Trans ☐Court binds Deft
☐Ref'd to Prob Dept ☐Waives Formal Report ☐Waives referral ☒Probation Denied

**PROB** ☐Execution ☐Imposition of sentence suspended for probation period   **FINES**
☐Court ☐Formal Probation Granted ___ days/mos/years ☐Prob term on release    Pay to ☐Court ☐DOR ☐AR Fee by___
☐Report to APO & maintain contact as directed ☐w/in 3 days ☐upon release    Count ___ +PAS ___
☐Court finds Violation/No Violation ☐Deft Admits Violation of Probation    Count ___ +PAS ___
☐Prob Reinst/Continued Original Terms & Conditions ☐Prob Term No further Penalties    ☐Concur/Consec w/Prison/Jail $___ /day
☐Revoked ☐Modified: ☐Extended to ___    ☐purs to HS11350(d) $200- 1302.45
☐Complete Commun Altern Program ☐Perform ___ hrs Volunteer Work    R/F $ 200 ASP susp 1202.45
☐Submit Search/Testing ☐Educ/Voc Trg/Empl    DPF $___ CJAF $ 138 to long se.
☐Not own/possess deadly weapons ☒Weapon ordered destroyed    LAB $___
☐No contact w/victim or family/co-defts unless appr by APO ☐No pager/port comm devi    AEF $___ PINV $___ max
☐No alco or where sold ☐Restitution ___    AEF $___ PSUP $___ /mo max
☐Complete ___ cnsl/prgm    Total Amount Due $___
☐No drive w/o valid lic & ins ☐license surrendered ☐Reissue DL ___    ☐Ref'd to DOR to determine ability to pay
☐Partic in ☐Delete ☐Reinst ☐1st Offender/Mult Off Prgm ☐Rept w/in ___    ☐Crt finds deft ☐able ☐not able to pay
☐Lic susp/rev/restr for ___ to, from, during ☐work ☐alco prgm ☐VC    ☐Payments granted/modified @ $___ /mo
☐Ignit Interlock Dev ☐ordered ___ yrs ☐waived Veh ☐impound ☐Not impounded    Commencing ___
☐Gang orders; No insignia, tattoos, assoc w/gang members, etc. ☐PC 290.2 Aids Testing Ordered ☐Aids Education Program)
Other BACKPACK only may be released to cell for 5 after photo is

**JAIL/PRISON** taken of it per stipulation

| Count | F/M | Violation | Trm/Yrs | Enhancement | Yrs/S | Prison | County Jail |
|-------|-----|-----------|---------|-------------|-------|--------|-------------|
| 02 | F | PC 12020(A) | 25 to life | | | 25 yrs to life | 90 days OC |
| 04 | M | PC 148.9 | | | | | 90 days OC |
| 04 | M | PASSION | PC 667.5(B) - ct stikes punishment | | pursuant to 1170.1 4 Or | | |

☐See Attachment Page for additional charges    ☐Sentence Deemed Served   ☐Ordered to report to Local Parole
PRIORS Alleged & Found True/Admitted

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------|

defendant to be denied or vacated or other for treatmets
TOTAL TERM 25 yrs to life

CTS = 0 act + 0 (4019) = 0 Total days

☒Advised 5 years parole ☑Appeal rights    Total this case ☐Consec ☐Concur to ___
☐Straight time ☐Weekends ☐Weekend Work ☐PC1209 Fee Ordered/Waived ☐EMP rec ☐Eligible / not elig EMP/PSP/WF/CoParole
☐Stay Surrender/Transp to ___ @ ___ M or sooner ☐Pre-process ___ AM/PM   241
☐Bal of CJ susp ☐Release to ___    ☐only 1 rel-PC4018.8
☐Remanded into Cust ☐No Bail Allowed ☐Bail ☐Set @ ☐Increased ☐Reduced to $___
☐Remains released on ☐Release @ this time on ☐OR, ☐SPR ☐Bail ___
CLERK OF THE ABOVE ENTITLED COURT BY Mary Mitchell    DEPUTY CLERK

EXHIBIT 2

(18)



# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re DAVID L. BARR on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)



JAN 2 3 2008

Frederick K. Ohlrich Clerk

Deputy



GEORGE
Chief Justice

19

# CRIMINAL LAW AND PROCEDURE

*Three Strikes Law Doesn't Defeat Trial Court's Sentencing Discretion to Reduce Wobbler Felony to Misdemeanor.*

Cite as 97 Daily Journal D.A.R. 633

THE PEOPLE,
Petitioner,

v.

THE SUPERIOR COURT
OF LOS ANGELES COUNTY,
Respondent;

STEVEN ALVAREZ,
Real Party in Interest.

No. S053029
(Ct. App. 2/5; B095193
Los Angeles County
Super. Ct. No. NA022776)

California Supreme Court
Filed January 16, 1997

In this case, we address the scope of trial courts' sentencing discretion, pursuant to Penal Code section 17, subdivision (b),[1] to reduce to a misdemeanor an offense originally charged as a felony under the three strikes law. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.)[1] Because neither version of the three strikes law qualifies the statutory authority by which a trial court may determine a crime to be "a misdemeanor for all purposes" (§ 17, subd. (b)), we conclude courts continue to have broad authority the exercise of which should be reviewed in accordance with the generally applicable standard. While a defendant's recidivist status is undeniably relevant, it is not singularly dispositive.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The current problems began for real party in interest, Steven Alvarez (defendant), shortly after noon on December 25, 1994, when Long Beach Police Officer Timothy O'Hara observed him "on the wrong side of the street" riding a skateboard. A subsequent consensual search of a nylon bag in defendant's possession produced drug paraphernalia as well as a "baggie" containing 0.41 grams of powdered methamphetamine.

Based on this evidence, the prosecution charged defendant with a felony violation of Health and Safety Code section 11377, subdivision (a). The complaint further alleged four prior serious felony convictions within the meaning of the three strikes law. (§§ 667, subd. (d), 1170.12, subd. (b).) The matter went to jury trial. At the close of the People's case, defendant

moved to have the charge declared a misdemeanor;[2] the trial court took the motion under submission. After defendant testified in his own behalf, the jury returned a guilty verdict. Defendant admitted the truth of the prior conviction allegations.

The probation report recommended against probation. At the sentencing hearing, the trial court reviewed the circumstances of the crime as well as defendant's criminal history. Although uncertain whether it had authority to dismiss any of the prior convictions (§ 1385), the court decided it still retained discretion to declare the charge to be a misdemeanor, and indicated its intention to do so because "that's for sure what it was."[3] Citing section 17, subdivision (b)(3), the court suspended imposition of sentence and placed defendant on three years' summary probation on the condition he serve one year in the county jail.

The People petitioned for writ review. The Court of Appeal determined the trial court had abused its discretion because the reduction failed sufficiently to take into account defendant's criminal past, with its implications for public safety. Moreover, in declining to punish defendant as a recidivist under the three strikes law, the trial court had judicially substituted its views of proper sentencing policy for that of the Legislature and electorate. We granted defendant's petition for review, and now reverse.

## II. DISCUSSION

### A. Continuing Discretion Under the Three Strikes Law

As relevant here, section 17, subdivision (b) (hereafter section 17(b)), authorizes the reduction of "wobbler" offenses—crimes that, in the trial court's discretion, may be sentenced alternately as felonies or misdemeanors—upon imposition of a punishment other than state prison (§ 17(b)(1)) or by declaration as a misdemeanor after a grant of probation (§ 17(b)(3)).[4]

---

2. In support of the motion, defense counsel cited section 17, subdivision (b)(5). That section, however, sets forth the magistrate's authority to determine a wobbler to be a misdemeanor "at or before the preliminary examination or prior to filing an order pursuant to Section 872 . . ." No provision of section 17, subdivision (b), authorizes the superior court judge to do so prior to judgment or a grant of probation. (See § 17, subd. (b)(1), & (3); cf. *People v. Booker* (1994) 21 Cal.App.4th 1517[1521].)

3. Violation of Health and Safety Code section 11377, subdivision (a), "shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison."

4. Section 17(b) provides in relevant part: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . (1) After a judgment imposing a punishment other than imprisonment in the state prison. . . . [¶] . . . (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." As this language demonstrates, section 17(b) outlines the procedural mechanisms by which a trial court may classify an offense as a misdemeanor (see *People v. Banks* (1959) 53 Cal.2d 370, 380-381), whereas the sentencing discretion itself derives from the various charging statutes that provide alternative felony or misdemeanor punishment. (See, e.g., §§ 245, subd. (a)(1), 489; Health & Saf. Code, §§ 11357, subd. (a), 11363; Veh. Code, §§ 10851, subd. (a), 20001, subd. (b)(2).) For convenience, however, courts will sometimes conflate procedure and substance and refer generically to the exercise of "section 17(b) discretion" when discussing general principles. (See, e.g., *People*

---

This court has not previously considered the threshold question whether courts retain this authority under the three strikes law. (Cf. *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497; hereafter *Romero* [trial courts retain discretion to dismiss priors under § 1385].) However, several Court of Appeal decisions have unanimously concluded "the Legislature [and electorate] did not intend to abrogate the trial judge's long-standing powers under section 17, subdivision (b)(1), and did not intend to supersede the court's authority under subdivision (b)(3) of that section to determine whether a wobbler should be reduced to a misdemeanor when such authority is exercised at the initial sentencing." (*People v. Superior Court (Perez)*, *supra*, 38 Cal.App.4th at pp. 363-364; hereafter *Pérez*; see *People v. Dent*, *supra*, 38 Cal.App.4th 1726; hereafter *Dent*; *People v. Trausch*, (1995) 36 Cal.App.4th 1239, hereafter *Trausch*; *People v. Vessell* (1995) 36 Cal.App.4th 285.) We agree.

Neither version of the three strikes law speaks directly to the continuing vitality of this discretionary authority. Rather, each provides that a three strikes sentence must be imposed "[n]otwithstanding any other law if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined . . . ." (§§ 667, subd. (c), 1170.12, subd. (a).) Thus, regardless of qualifying prior convictions, the initial sentencing determinant is whether the defendant has been convicted of a felony in the current proceeding. (*Trausch*, *supra*, 36 Cal.App.4th at p. 1245.)

As to whether a guilty plea or verdict constitutes a "conviction" for purposes of section 667, subdivision (c), the court in *Trausch* properly concluded that section 17 is *sui generis*. It specifically leaves the determination of the nature of the conviction to the discretion of the judge to be determined at *sentencing*. It applies only to 'wobblers' and to no other crimes. It also provides that once the court has imposed a misdemeanor sentence, the offense becomes a misdemeanor 'for all purposes.' " (*Trausch*, *supra*, 36 Cal.App.4th at p. 1246.) "Accordingly, until the trial court pronounces sentence on the new offense, it cannot be determined if a predicate current 'felony' exists for application of the three strikes laws." (*Id.*, at p. 1247.) "It follows that "where the trial court has exercised its discretion to impose a punishment other than imprisonment in state prison, which by operation of law, renders the conviction a misdemeanor, the three strikes' law is not triggered." (*Ibid.*) The same rationale applies to a grant of probation pursuant to section 17(b)(3). (*Perez*, *supra*, 38 Cal.App.4th at pp. 363-364.)

The overarching intent "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses" (§ 667, subd. (b); Ballot Pamp., text of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 64) does not alter this conclusion. Although presumptively aware of existing law, including sections 17(b)(1) and 17(b)(3) (see *People v. Hernandez* (1988) 46 Cal.3d 194, 201), neither the Legislature nor the electorate "specifically limit[ed] the

court's power under these provisions in regard to determining the nature of the current conviction in the three strikes law. And, nothing in the language or history of the three strikes legislation suggests the drafters contemplated abrogation of this established authority. [Citation.]" (*Perez*, *supra*, 38 Cal.App.4th at p. 362.) Moreover, "[s]ubdivision (d)(1) of section 667 expressly provides that the determination whether a prior felony conviction qualifies as a 'strike' 'shall be made upon the date of that prior conviction and *is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor.*' (Italics added.) Thus, the Legislature clearly recognized the effect of sentencing pursuant to section 17 in the context of the three strikes statute and did not override that effect in its scheme determining whether a prior conviction qualifies as a strike." (*Trausch*, *supra*, 36 Cal.App.4th at p. 1246; fn. omitted; see *Perez*, *supra*, 38 Cal.App.4th at p. 363; see also § 1170.12, subd. (b)(1).) While in many instances the three strikes law was "intended to restrict courts' discretion in sentencing repeat offenders" (*Romero*, *supra*, 13 Cal.4th at p. 528), it left section 17(b) undisturbed.

We thus turn to the question at issue here: the scope of the trial court's discretion when a wobbler is initially filed under the three strikes law.

### B. Scope of Section 17(b) Discretion in Three Strikes Cases

Initially, we reject defendant's argument that a trial court's exercise of discretion under the authority of section 17(b) should be unreviewable, either as a matter of parity with the prosecutor's unreviewable decision to charge a wobbler as a felony or misdemeanor (see *People v. Adams* (1974) 43 Cal.App.3d 697, 708) or as a matter of constitutional mandate under the separation of powers doctrine. (*Id.*, at pp. 706-707.) The prosecutor's unreviewable charging discretion differs significantly from the trial court's sentencing authority under section 17(b): "The action of a district attorney in filing an information is not in any way an exercise of a judicial power or function." (*People v. Adams*, *supra*, at p. 707.) The initial determination of the charge to be filed "relates only to what is clearly the province of the public prosecutor, i.e., the discretion whether or not to prosecute. [Citations.]" (*Ibid.*) By contrast, the trial court's sentencing function becomes operative only when the prosecutor has made that charging decision. (Cf. *People v. Tenorio* (1970) 3 Cal.3d 89, 94.)

Nor is the separation of powers doctrine implicated, because review of a trial court's exercise of discretion pursuant to section 17(b) does not involve "the prosecutor's consent to the disposition of a criminal charge pending before the court . . . ." (*Romero*, *supra*, 13 Cal.4th at p. 512.) Rather, any finding of abuse is a further exercise of judicial power by the appellate court. (Cf. *Davis v. Municipal Court* (1988) 46 Cal.3d 64, 77.) Moreover, defendant cites no authority immunizing a trial court's discretionary decisionmaking from some level of review, however deferential. (See also *Dent*, *supra*, 38 Cal.App.4th at p. 1730; cf. 6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Appeal, § 3204, p. 3961.)

In determining the scope of the trial's authority, our first referent is the statutory language conferring it. Some statutes contain express qualifications delineating, and thereby restricting, the particular exercise of discretion. For example, in ordering an action dismissed, the court must act "in furtherance of justice." (§1385; see *Romero, supra,* 13 Cal.4th at pp. 530-531.) Under some circumstances, the court may grant probation only in "unusual cases where the interests of justice would best be served" according to established criteria. (§1203, subd. (e); see *People v. Superior Court, (Du)* (1992) 5 Cal.App.4th 822, 830-831.)

In contrast, section 17(b), read in conjunction with the relevant charging statute, rests the decision whether to reduce a wobbler solely in the discretion of the court. By its terms the statute sets a broad, generic standard. (See *In re Anderson* (1968) 69 Cal.2d 613, 626-627.) The governing canons are well established. "This discretion ... is neither arbitrary nor capricious, but is an impartial discretion, guided and controlled by fixed legal principles, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice. ... [Citations.]" (*People v. Warner* (1978) 20 Cal.3d 678, 683.) "Obviously the term is a broad and elastic one [citation] which we have equated with 'the sound judgment of the court, to be exercised according to the rules of law.' [Citation.]" (*People v. Russel* (1968) 69 Cal.2d 187, 194.) Thus, "[t]he courts have never ascribed to judicial discretion a potential without restraint." (*Ibid.*) "Discretion is compatible only with decisions controlled by sound principles of law, free from partiality, not swayed by sympathy or warped by prejudice ... [Citation.]" (*People v. Bolton* (1979) 23 Cal.3d 208, 216.) "[A]ll exercises of legal discretion must be grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue." (*People v. Russel, supra,* at p. 195.)

On appeal two additional precepts operate. The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review. (*People v. Superior Court (Du), supra,* 5 Cal.App.4th at p. 831.) Concomitantly, "[a] decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' [Citations.]" (*People v. Preyer* (1985) 164 Cal.App.3d 568, 573.)

We find scant judicial authority explicating any criteria that inform the exercise of section 17(b) discretion. (But see *In re Anderson, supra,* 69 Cal.2d at p. 627.) However, since all discretionary authority is contextual, those factors that direct similar sentencing decisions are relevant, including the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial. (*People v. Morales* (1967) 252 Cal.App.2d 537, 547; see also *People v. Giminez*

(1975) 14 Cal.3d 68, 73; *In re Cortez* (1971) 6 Cal.3d 78, 85-86; cf. *People v. Mason* (1971) 5 Cal.3d 759, 764, disapproved on other grounds in *People v. Lent* (1975) 15 Cal.3d 481, 486, fn. 1 [conditions of probation].) When appropriate, judges should also consider the general objectives of sentencing such as those set forth in California Rules of Court, rule 410.[5] The corollary is that even under the broad authority conferred by section 17(b), a determination, made outside the perimeters drawn by individualized consideration of the offense, the offender, and the public interest, "exceeds the bounds of reason." (*People v. Giminez, supra,* 14 Cal.3d at p. 72; cf. *Romero, supra,* 13 Cal.4th at p. 531.)

Citing *People v. Warner, supra,* 20 Cal.3d 678, 689, the People contend that in a three strikes case public safety is the sentencing "imperative" and that the defendant's recidivist status *requires* "[t]he paramount concern must be the protection of society. The interests of the defendant are of legitimate but secondary concern." In finding the trial court abused its discretion, the Court of Appeal also relied substantially on this language in *Warner,* as well as the historical recognition accorded recidivist sentencing schemes in punishing those who refuse to conform to the norms of society. (See, e.g., *In re Rosencrantz* (1928) 205 Cal. 534, 539; accord, *Rummel v. Estelle* (1980) 445 U.S. 263, 276.) For present purposes, however, our discussion in *Warner* has limited utility because it did not bear upon section 17(b) and the facts were quite egregious, involving felony child molestation (§288) committed "in a most culpable manner" with multiple similar prior convictions. (*People v. Warner, supra,* 20 Cal.3d at p. 684.)

We do not question the legitimacy of the three strikes law or the public safety *animus* it undeniably reflects. (See, Ballot Pamp., arguments in favor of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 36.) Nor is that factor irrelevant to the exercise of discretion under the authority of section 17(b). Nevertheless, the People in effect ask that we create a nonstatutory presumption against reducing wobblers in three strikes cases. The vice of such a rule is obvious. To judicially mandate that a single factor predominate the trial court's exercise of discretion would eviscerate the essence of its statutory authority; indeed, it would be one step shy of declaring the three strikes law eliminates the court's discretion entirely. (Cf. *People v. Benn* (1972) 7 Cal.3d 530, 534-535.) Neither version of the law supports such a retraction. To the contrary, both specifically acknowledge that wobblers classified as misdemeanors at the time of initial sentencing do not trigger increased penalties. (§§667, subd. (d)(1), 1170.12, subd. (b)(1); see *Perez, supra,* 38 Cal.App.4th at pp. 362-363.) Accordingly, we hold that three

---

[5]. California Rules of Court rule 410 states as follows: "General objectives of sentencing include: [¶] (a) Protecting society. [¶] (b) Punishing the defendant. [¶] (c) Encouraging the defendant to lead a law abiding life in the future and deterring him from future offenses. [¶] (d) Deterring others from criminal conduct by demonstrating its consequences. [¶] (e) Preventing the defendant from committing new crimes by isolating him for the period of incarceration. [¶] (f) Securing restitution for the victims of crime. [¶] (g) Achieving uniformity in sentencing. [¶] Because in some instances these objectives may suggest inconsistent dispositions, the sentencing judge shall consider which objectives are of primary importance in the particular case. [¶] [¶] The sentencing judge should be guided by statutory statements of policy, the criteria of these rules, and the facts and circumstances of the case."

strikes prior convictions do not preclude a trial court from reducing an offense originally charged as a felony either by imposing a misdemeanor sentence (§ 17(b)(1)) or by declaring it a misdemeanor upon a grant of probation (§ 17(b)(3)).

A necessary concomitant of this authority is the discretion to weight the various sentencing considerations, commensurate with the individual circumstances. (See Cal. Rules of Court, rule 410; cf. *People v. Superior Court (Du), supra,* 5 Cal.App.4th at pp. 836-837 [grant of probation]; *People v. Stevens* (1988) 205 Cal.App.3d 1452, 1457 [determinate, sentencing choices].) For that reason, the fact a wobbler offense originated as a three strikes filing will not invariably or inevitably militate against reducing the charge to a misdemeanor. Nonetheless, the current offense cannot be considered in a vacuum; given the public safety considerations underlying the three strikes law, the record should reflect a thoughtful and conscientious assessment of all relevant factors including the defendant's criminal history. (See *Romero, supra,* 13 Cal.4th at p. 531; *People v. Warner, supra,* 20 Cal.3d at p. 685.) Furthermore, in evaluating the severity of a three strikes sentence relative to the gravity of the charge, the court must remain cognizant that the present violation of law only *triggers* the mandated penalty, which ultimately is the consequence of both that offense and the defendant's recidivist status. (See *Perez, supra,* 38 Cal.App.4th at p. 362.)

This sentencing discretion is not without limitation. In *Dent, supra,* 38 Cal.App.4th 1726, the Court of Appeal charted at least one sector of the forbidden zone. There, the trial court indicated the defendant's current offense, albeit a wobbler, warranted a substantial prison term but not the 25-years-to-life sentence mandated by the three strikes law. (*Id.,* at p. 1729.) Assessing its options, the court concluded the latter "offends my conscience more than it does to give you a break, which you really don't deserve." [¶] The only way that I can avoid this law is to find this to be a misdemeanor, which I do . . . ." (*Ibid.,* italics omitted.)

On the basis of this record, the reviewing court properly found an abuse of discretion: "Although the court was aware of defendant's background and the nature of his present offenses, these individualized considerations were shunted into the background in an effort to avoid the court's otherwise clear expression that a felony sentence was appropriate." (*Dent, supra,* 38 Cal.App.4th at p. 1731.) The determination to reduce a wobbler under section 17(b) "can be properly made only when the sentencing court focuses on considerations that are pertinent to the specific defendant being sentenced, not an aversion to a particular statutory scheme." (*Dent, supra,* at p. 1731; see *People v. Bolton, supra,* 23 Cal.3d at p. 216; cf. *People v. Orin* (1975) 13 Cal.3d 937, 947 [cautioning against "liberal use of section 1385 to avoid criminal prosecutions where probable cause exists to believe conviction is warranted"].) Although "a reasoned consideration of defendant's background and circumstances would [not] preclude the determination that his offenses were misdemeanors," the record must demonstrate such "reasoned consideration." (*Dent, supra,* at p. 1731.)

**C. Application to This Case**

The question here is admittedly close. Although the trial court suggested a certain measure of hostility toward the three strikes law, we disagree with the Court of Appeal's conclusion it "incorrectly substituted" its view of the proper sentence for that of the Legislature. (Cf. *Perez, supra,* 38 Cal.App.4th at p. 353.) By making violation of Health and Safety Code section 11377, subdivision (a), a wobbler, the Legislature has determined that either a misdemeanor or a felony punishment may be appropriate in the discretion of the sentencing court. The Legislature has also granted broad authority under the express terms of section 17(b) to make that determination. And the Legislature chose not to compromise the exercise of the court's discretion when it enacted the three strikes law. (*Perez, supra,* at p. 362.) Therefore, notwithstanding defendant's recidivist status, the balance of other factors could warrant a reduction of the charge.

The prosecution alleged, and defendant admitted, four prior convictions for residential burglary, which it appears he committed to support a drug habit. His criminal record also included four misdemeanor convictions. He received a seven-year prison term for one of the burglaries and violated his parole on several occasions. Viewing these circumstances in isolation, the Court of Appeal's skeptical reaction to the reduction of defendant's present crime is understandable. That limited perspective is, however, incompatible with the very nature of sentencing discretion; the entire picture must remain exposed. (See *People v. Benn, supra,* 7 Cal.3d at pp. 534-535.)

Regardless of the results, the record does not evidence a purposeful intent to evade a three strikes sentence solely because of personal antipathy to the law. The trial court acknowledged defendant's substantial criminal history with its implications for public safety, but accorded that factor less weight than the fact it considered his current offense "for sure" a misdemeanor. (See *People v. Vessell, supra,* 36 Cal.App.4th at p. 295.) Defendant was cooperative with law enforcement. The burglary priors were relatively old and did not involve violence. (*Ibid.*) In addition, the court had observed defendant during the course of the trial, including his testimony he had been caring for a disabled friend. (*Ibid.*)

Applying the extremely deferential and restrained standard by which appellate courts are bound in these matters, we find the trial court did not abuse its discretion. Whatever conclusions other reasonable minds might draw, on balance we find the decision tolerable given the court's broad latitude.[6] Nevertheless, we caution that the circumstances of this case are not intended to and do not establish a "floor" below which reviewing courts may never find an abuse of section 17(b) discretion to reduce a wobbler involving three strikes prior convictions. On the

---

[6]. The People further contend the trial court erroneously granted probation. (See § 1204, subds. (e)(4) & (f).) They did not separately petition for review on this question, and it is not "fairly included in" the issue on which we granted defendant's petition—the scope of trial court sentencing discretion under section 17(b). (See Cal. Rules of Court, rule 29.2(b).) Accordingly, we decline to reach this contention and express no opinion on its merits. (See *People v. Alotis* (1964) 60 Cal.2d 698, 707-708; *People v. Furber* (1965) 233 Cal.2d 678, 687.)

contrary, the lesson we reiterate today is that any exercise of that authority must be an intensely fact-bound inquiry taking all relevant factors, including the defendant's criminal past and public safety, into due consideration, and the record must so reflect.

### III. DISPOSITION

The judgment of the Court of Appeal is reversed. The cause is remanded to the Court of Appeal with directions to vacate the order that a writ of mandate issue and to deny the People's petition.

BROWN, J.

WE CONCUR:
GEORGE, C.J.
MOSK, J.
WERDEGAR, J.
CHIN, J.

### DISSENTING OPINION BY BAXTER, J.

I agree that the "three strikes" law (Pen. Code, §§ 667, subds. (b)-(i); 1170.12) has no impact on the power of a magistrate or judge to rule that an offense which may be either a felony or a misdemeanor, a so-called "wobbler," should be tried or sentenced as a misdemeanor. (Penal Code section 17, subdivision (b)(1) and (2), section 17(b)), expressly confers that power on the court and nothing in the three strikes law limits that power.

I dissent from the judgment directing that the petition for writ of mandate be denied, however. I would affirm the judgment of the Court of Appeal directing that a writ of mandate issue, but would direct the trial court to reconsider the sentencing decision in light of Romero (People v. Superior Court (Romero) (1996) 13 Cal.4th 497).

Since 1986, Penal Code section 1238, subdivision (a)(1), has authorized an appeal by the People from the imposition of an unlawful sentence, and subdivision (d) of that section has permitted a petition for writ of mandate by the People to review a grant of probation, including review of any order underlying the grant of probation. The Legislature has to that extent removed former restrictions (see People v. Superior Court (Stanley) (1979) 24 Cal.3d 622; People v. Gallardo (1953) 41 Cal.2d 57), on the jurisdiction of the appellate courts to review sentences at the instance of the People. When, as there, such review is undertaken, the reviewing court must recognize that the People as well as the defendant now have the right to informed sentencing.[7] Therefore, when the People seek mandate claiming that a sentencing court abused its discretion in granting probation and the record demonstrates that the court was not aware of a sentencing alternative, the matter should be remanded for reconsideration of the sentence before the appellate court attempts to assess the abuse of discretion claim.

It is clear from the record in this pre-Romero case, that doubt over her power to strike one or more of the

charged prior convictions influenced the judge's decision, that the offense did not warrant felony sentencing notwithstanding the defendant's past record. This court cannot appropriately rule on the question of whether there has been an abuse of discretion in sentencing defendant as a misdemeanant until the sentencing decision is made by a judge who is aware of the full range of sentencing options. The majority apparently assume that the trial court's statement that the offense was a misdemeanor "for sure" demonstrates that the judge had no uncertainty as to the appropriate sentence and that her uncertainty as to her power to dismiss one or more priors had no effect on her sentencing decision. I disagree.

At the close of the People's case the judge denied a motion for acquittal. (Pen. Code §1118.1.) She then declined to rule on defendant's motion to reduce the offense to a misdemeanor, taking the motion under submission and postponing her decision until the jury could reach a verdict. She ruled that the matter would go to the jury as a felony.

The defense presented no evidence that might have moved the court toward leniency. The contrary appears true. Defendant testified that at the time he was stopped by police he swallowed a marijuana cigarette he had been holding, and that he was aware that an arrest warrant had been issued for him on a charge of marijuana possession. He testified that the subsequent consensual search revealed, in addition to the methamphetamine underlying the current charge, a syringe and a glass pipe. He denied using other drugs, however, and testified that he did not know where the baggie of methamphetamine in his backpack came from. He admitted that he was under the influence of marijuana when arrested.

The judge's comments at the probation and sentencing hearing demonstrate to my satisfaction that the potential three strikes sentence, not just the circumstances of the current offense, influenced her decision to treat the offense as a misdemeanor. She stated for the record:

"[T]his is a very small case. It's not very much methamphetamine. Certainly he came up to the two cops, cooperative, whatever it was. He wasn't traipsing around the neighborhood doing burglaries because he - but he was going over to his friend's house."

"Mr. Alvarez has a mighty lengthy background, some of it is in his juvenile years as well he was in California Youth Authority [has] numerous first degree burglaries, they are all thefts, nobody ever was harmed in anything he did, which is not to condone what Mr. Alvarez does because I don't think a person's home in Long Beach or Lakewood or L.A. area is safe with Mr. Alvarez around, at least my trinkets aren't safe."

"Back in '87 was his last burglary. I don't know what this misdemeanor back in '91 [was]. He's a drug addict that commits burglaries. He's 34 years old. This case does not rise to the level of sending a person like Mr. Alvarez 25 years to life and that's my dilemma."

The prosecutor then asserted that the court had no discretion to sentence the defendant to less than the 25-years-to-life term specified in Penal Code sections 670 and 1170.12 since the priors had been proved and the voters had taken away the judge's discretion. It was

---

1. "In a criminal case, the people of the State of California have the right to due process of law . . . ." (Cal. Const., art. I, § 29.)

(22)

then that the judge stated: "Well, there is still an unpublished case that's before the supreme court stating that doesn't state anything. Don't know whether judges have discretion in this case or not. "I know that I have discretion in making this a misdemeanor and that's for sure it was." [Sic.]

The ensuing colloquy between court and counsel was limited to the question of whether the three strikes law precluded the exercise of discretion under section 17(b) when the defendant had prior convictions.

It is clear to me, from the judge's remarks that uncertainty as to her power to strike one or more of the defendant's priors for sentencing purposes, led her to utilize the power she believed the court did retain to sentence under section 17(b) rather than impose a term of 25 years to life, the only other alternative she was certain was available to her.

Because the court erroneously elected to impose a misdemeanor sentence without considering whether a felony sentence without three strikes enhancement would be appropriate, I would affirm the judgment of the Court of Appeal, as modified to direct that the petition for writ of mandate be granted with directions to set aside the judgment and reconsider the sentence.

                                                        BAXTER, J.

I CONCUR:
    KENNARD, J.


Attorneys for Appellant:
    Gil Garcetti, District Attorney, Frank Elmer Sundstet, Assistant District Attorney, Diana L. Summerhayes and Joseph N. Sorrentino, Deputy District Attorneys, for Petitioner.

Attorneys for Respondent:
    No appearance for Respondent.
    Michael P. Judge, Public Defender, Albert J. Menaster, Matthew Huey and Alex A. Ricciardulli, Deputy Public Defenders, for Real Party in Interest.
    Charles H. James, Public Defender (Contra Costa) and Ron Boyer, Deputy Public Defender, as Amici Curiae on behalf of Real Party in Interest.

OriginaL
Copy

## PROOF OF SERVICE BY A STATE PRISONER

I, "David L. Barr H-69204    ,declare:

That I am over 18 years of age, and (a party)/not a party to the attached herein cause
of action, that I reside at Pleasant Valley State Prison,in the county of Fresno
California. My mailing address is:    P.O. Box 8501, Coalinga, California
93210

On April 8th, 2008, I handed to prison officials for mailing, at the above
address, on the exact date, the attached: 28 U.S.C.§ 2254 Habeas Corpus
    Petition by a Person in State Custody And Exhibits Denials
    And Exhaustion of State Remedies. in forma Pauper's
    Memorandum of Points And Authorities in support of Petition

In a sealed envelope[s] with postage paid fully paid,addressed to the locations:
(A)  United States District Court Eastern District of California
    1130 "O" Street 5th Floor Room 500
(B)  Fresno, California 93721

(C) _____

(D) _____


I declare under penalty of perjury that the foregoing is true and correct. Executed
this ( 8th day of ( April    ), 2008 at Coalinga, California.


David L. Barr H-69204

DECLARANT PRINTED
NAME

David L. Barr

DECLARANT SIGNATURE

**FILED**

APR 18 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ C. ESTEVES

1. David L. Barr H-69204
2. Pleasant Valley State Prison
3. P.O. Box 8501
4. Coalinga, California
5. 93210
6. In Pro Se
7.                    1: 0 8 CV   0 05 33 OWW GSA HC
8.        UNITED STATES DISTRICT COURT
9.        EASTERN DISTRICT OF CALIFORNIA
10.
11. In Re: David L. Barr  | Case Number
12. Petitioner            |  Notice And Motion Leave of Court
13.                       | to File Memorandum of Points
14. vs.                   | And Authorities in Support of
15. James Yates Etal,     | Petition 28 U.S.C § 2254
16. Respondents           |
17. To: The Above Entitled Court And To The Attorney
18. General State of California And His or Her Respondents
19. Please Take Notice And Motion Leave of Court to File
20. Memorandum of Points And Authorities IN Support
21. of Petition 28 U.S.C. § 2254
22. Bennett v. Mueller (9th cir 2002) F. 3d 573, Bennett V.
23. Mueller (C.D. Cal 2005) 64 F. Supp 2d 1160 finding
24. California Courts do not Consistently Apply time liness
25. Bar to Habeas Corpus Claims and denial of claims on
26. untimeliness ground does not bar adjudication of the
27. Claims in a Federal Habeas Petition
28.                    (1)

1. Reiger V. Christensen (9th cir 1986). 789 F2d 1425
2. 1428; The District Courts Duty to Ascertain the
3. Sufficiency of the Evidence By Engaging in a
4. through Review of the Complete State Court Record
5. is Unaffected by the (AEDPA) Without Such a
6. Review of the Record It is impossible to Determine
7. whether the state Court Adjudication Rested
8. on AN Unreasonable Application of clearly
9. Established Federal Law or AN "unreasonable
10. Determination of the facts. when state Court decision
11. Rejects group of Contentions as either without merit
12. or Procedurally barred and decision doesnot disclose
13. which claim in group has been Rejected on which
14. Ground Antiterrorism And Effective Death Penalty
15. Act (ADEPA) deference isnot owed to state
16. Court Ruling Miranda v. Bennett C.A. 2 (N.Y.)
17. 2003 322 F.3d 171. on Remand 321 F. Supp 2d
18. 528. Statutory Presumption of Federal Habeas corpus
19. statutes, that factual findings of state Court are
20. Correct doesnot Apply if Statutory exceptions codify
21. Circumstances when Evidentiary hearing is
22. mandated in Federal Forum Hauck v. Mills M.D. Tenn
23. (1996) 941 F. Supp 683. The Court felt that the
24. Federal Courts ability to Retain the Authority to Review
25. State courts decisions and Judgments shouldnot be
26. diminished by. the Antiterrorism Effective Death Penalty
27. Act Reform Law Terry william v. Taylor (2000) 529 us
28. 362. 413. 120 Sct. 1495, 146 L. Ed 2d 389.

1. where California Supreme Court had not made it clear that
2. its Denials for untimeliness of collateral claims of
3. ineffective Assistance of Counsel involved No decision of
4. Federal Constitutional Law, untimeliness Ruling against
5. Petitioner would not Constitute an independent state
6. ground that would Procedurally default his Federal
7. Habeas claims Jackson v. Calderon C.A.9 (cal.)(2000)
8. 211 F.3d 1148 Certiorari denied 121 Sct. 764, 531 U.S.
9. 1072,148 L. Ed 2d 665.  Pro Se Habeas Corpus litigants
10. must be given liberal construction, And Petitioner is not
11. Required to Specify Specific Legal theories or offer
12. Case Citations in order for Relief. Frey v. Schuetzle
13. (8th cir 1996) 78 F. 3d 359.
14.
15.                    Respectfully Submitted
16.
17.     I Declare under Penalty of Perjury That the Foregoing
18. Is true And Correct
19.
20.
21. Date April 8th            2008
22.         David L. Barr
23.    Signature  Declarant/Movant/Petitioner In Pro Se
24.
25.
26.
27.
28.

(3)