UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. BARR, | No. C 08-2342 MHP (pr) |
|     Petitioner, | **ORDER OF DISMISSAL** |
|     v. | |
| JAMES YATES, warden, | |
|     Respondent. | |

## INTRODUCTION

David L. Barr, a prisoner currently in custody at the Pleasant Valley State Prison, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court for consideration is respondent's unopposed motion to dismiss the petition as untimely. The court finds that the petition was not timely filed and dismisses it.

## BACKGROUND

Barr was convicted in Santa Clara County Superior Court in 1997 of felony "possession of slung shot" and was found to have suffered prior convictions. On May 30, 1996, he was sentenced to 25 years to life in prison. He appealed. On May 29, 1997, the California Court of Appeal affirmed his conviction. On August 13, 1997, the California Supreme Court denied his petition for review.

Barr filed several state habeas petitions. First, he filed a habeas petition in the Santa Clara County Superior Court on January 13, 1997 (i.e., while the direct appeal was pending), which was denied on February 11, 1998. Second, he filed another habeas petition in the Santa Clara County Superior Court on February 28, 2002, which was denied on April 23, 2002.

1  Third, he filed a habeas petition in the California Court of Appeal on January 9, 2003, which
2  was denied on March 11, 2003.  Fourth, he filed a habeas petition in the California Supreme
3  Court on July 20, 2007, which was denied on January 23, 2008.

4        Barr's federal petition was stamped "filed" on April 18, 2008 in the Eastern District of
5  California.  The action was then transferred to this court.   The petition has a signature date
6  of April 8, 2008.   For purposes of the present motion, the court assumes that Barr put the
7  petition in the prison mail the day he signed it and uses that as the filing date under the
8  prisoner mailbox rule.  See generally Houston v. Lack, 487 U.S. 266, 276 (1988).

## DISCUSSION

10       Petitions filed by prisoners challenging non-capital state convictions or sentences
11 must be filed within one year of the latest of the date on which:  (1) the judgment became
12 final after the conclusion of direct review or the time passed for seeking direct review; (2) an
13 impediment to filing an application created by unconstitutional state action was removed, if
14 such action prevented petitioner from filing; (3) the constitutional right asserted was
15 recognized by the Supreme Court, if the right was newly recognized by the Supreme Court
16 and made retroactive to cases on collateral review; or (4) the factual predicate of the claim
17 could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

18       Barr's limitations period had the normal starting date, i.e., the date on which his
19 conviction became final after the conclusion of direct review.  Barr's conviction became final
20 on November 11, 1997, when the time for him to file a petition for writ of certiorari expired
21 90 days after the denial of his petition for review.  See Bowen v. Roe, 188 F.3d 1157 (9th Cir.
22 1999).   The presumptive deadline for Barr to file his federal petition therefore was
23 November 11, 1998.  He missed that deadline by almost a decade, so unless he is entitled to
24 significant tolling, his petition was very untimely.

25       The one-year limitations period will be tolled for the "time during which a properly
26 filed application for State post-conviction or other collateral review with respect to the
27 pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  A petitioner does not
28 receive statutory tolling for the period between the end of one round of state habeas petitions

and the beginning of the next round of state habeas petitions.  See Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003).  At the time Barr's direct appeal concluded, his first habeas petition in the Santa Clara County Superior Court was already pending, so that the limitations period was tolled as soon as it began and continued to be tolled during the pendency of that petition.  When that first state habeas petition was denied on February 11, 1998, Barr had 365 days remaining in his limitations period and his deadline was pushed back to February 11, 1999.  He does not receive statutory tolling for the next state habeas petition, or the gap between the first and second state petitions because the second petition started a new round of state collateral review and was filed after too long a delay.  The second petition was filed in the same court (Santa Clara County Superior Court) and was not filed until February 28, 2002 – more than four years after the denial of the first petition.  By the time the 2002 action was filed, the February 11, 1999 deadline had already long passed. Barr therefore receives no statutory tolling for the second, third or fourth state habeas petitions filed in 2002 and later.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

      The limitations period also may be equitably tolled when the petitioner has been pursuing his rights diligently and extraordinary circumstances prevented him from timely filing the petition.  See Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).  Barr is not entitled to equitable tolling.  In a state habeas petition, he argued that the petition's tardiness should be excused because he was relying on new case law.  The "new" cases were decided in 2001 (and in fact were overruled by a case decided in 2003, Lockyer v. Andrade, 538 U.S. 63, 72 (2003)).  Even if the newness of the 2001 cases may have excused the lateness of a 2002 filing, they certainly do not excuse the lateness of the federal petition that was not filed until 2008 (nor the delay between the third state habeas petition in 2003 and the fourth state habeas petition filed in 2007).

      Barr also argues in a memorandum of points and authorities attached to his petition that the procedural default of untimeliness imposed by the California Supreme Court in

1 denying his 2007 petition should not be honored because it is not consistently applied by the
2 state. This argument is irrelevant to the current motion. The motion before this court
3 requires consideration of the timeliness of the federal petition under the federal habeas statute
4 of limitations and not whether the petition is procedurally defaulted. Procedural default and
5 the federal statute of limitations are two different problems for this petitioner. Barr is not
6 entitled to equitable tolling of the limitations period.

The limitations period expired on February 11, 1999. Barr's federal petition was filed more than nine years after the deadline for filing a federal habeas petition to challenge that conviction. His petition must be dismissed as time-barred.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 7.) The petition is dismissed because it was not timely filed. The clerk shall close the file.

IT IS SO ORDERED.

DATED: May 22, 2009

Marilyn Hall Patel
United States District Judge